# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| TEXTRON FINANCIAL CORPORATION, | § | |
| --- | --- | --- |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-09-CV-885-XR |
| ANCHOR MARINE & TACKLE, INC., JEAN D. FONTENOT (a/k/a J.D. FONTENOT), ANDREA FONTENOT, MARK SAXON, and TANYA WINGATE, | § § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR SUBSTITUTE SERVICE

On this date, the Court considered Plaintiff's Motion to Allow Alternate Method for Service of Process Upon Defendants (Docket Entry No. 9). Having considered the motion, the applicable federal authority, and in accordance with the laws of the state of Texas, Plaintiff's motion is GRANTED.

### Background and Procedural History

On October 30, 2009, Plaintiff Textron Financial Corporation ("TFC") filed suit against Defendants Anchor Marine & Tackle Inc., Jean D. Fontenot, Andrea Fontenot, Mark Saxon, and Tanya Wingate for breach of contract. TFC allegedly financed inventory for Anchor Marine & Tackle, Inc., guaranteed by the individual defendants, and Anchor Marine & Tackle, Inc., defaulted on the finance agreement.

TFC hired a private process server to effect personal service of process on Defendants Jean D. Fontenot, Andrea Fontenot, and Mark Saxon. TFC's process server has located the residences of the three aforementioned defendants, but their homes are gated and locked, so TFC's process

server cannot reach the front door of the homes to leave the summonses and complaints with the defendants or other persons. TFC's process server has attested to the three addresses and listed the specific dates and times of his attempts to serve the defendants to no avail.

On January 22, 2010, TFC filed a motion for substitute service so that it can effect service on defendants Jean D. Fontenot, Andrea Fontenot, and Mark Saxon. (Mot. to Allow Alternate Method for Service of Process Upon Def.s, Jan. 22, 2010 [Docket Entry No. 9].)

**Legal Standard**

As Defendants are individuals within a judicial district of the United States, service upon them is governed by Rule 4(e) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4(e). Pursuant to that rule, service of process may be effected by: (1) serving the defendant pursuant to the laws of the state in which he is located, in this case Texas; (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or by law. *Id.*

Rule 106(a) of the Texas Rules of Civil Procedure state that service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested. TEX. R. CIV. P. 106(a). Rule 106(b) reads that if either of the two aforementioned methods are unsuccessful,

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under [either method in Rule 106(a)] at the location named in such affidavit but has not been successful, the court may authorize service
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

2

(2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

**Analysis**

Based on the affidavit provided by Plaintiff's process server, attempts to serve Fontenot, Fontenot, and Saxon by personal service have been unsuccessful on multiple occasions. Defendants' gated homes and refusals to meet Plaintiff's server demonstrate that service of process in person is impractical. Moreover, service of process via certified mail with a return receipt requested would also seem impractical given defendants' actions. The affidavit sufficiently details defendants' home addresses, dates and times for attempted service, and defendants' refusal to accept service of process from him. As a result, substitute service is warranted in accordance with Rule 106(b) of the Texas Rules of Civil Procedure.

In dispensing with personal service, Texas courts look for "the substitute that is most likely to reach the defendant is the least that ought to be required if substantial justice is to be done." *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. Civ. App.—San Antonio 1974, writ ref'd n.r.e.). Given the inability of the process server to reach the door of the home, it is unlikely that a person could leave a copy of the summons and complaint with any person over the age of 16 at the premises, therefore, service cannot be executed in accordance with Rule 106(b)(1). The Court will therefore order service in a manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit. *See* TEX. R. CIV. P. 106(b)(1). The Court has identified cases in which a method of service similar to the methods proposed by TFC has been ordered. *See Evergreen Nat'l Indem. Co. v. Herndon*, No. 3:07-CV-0184-B ECF, 2007 WL

2827978, at *1 (N.D. Tex. Sept. 28, 2007) (placing copy of summons and complaint on front gate of home); *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.) (describing substitute service by placing citation, petition, and copy of trial court's order on front door of home).

**Conclusion**

Plaintiff's motion for substitute service is GRANTED.

It is therefore ORDERED that Jean D. Fontenot (a/k/a J.D. Fontenot); Andrea Fontenot at , and Mark D. Saxon may be served with process in this case by (a) attaching a copy of the summons, complaint, and this order securely to the outside gate of their residences as identified in the process server's affidavit and (b) mailing copies of the summons, complaint, and this order by first class mail, postage prepaid, to each of their home addresses as identified in the process server's affidavit. If TFC effects service in this manner, the return of service should provide details showing that the process server complied with these instructions.

It is further ORDERED that the foregoing substitute service method shall not be considered exclusive and that service of a copy of the Summons and Complaint may be effected by other means authorized by Rule 4 of the Federal Rules of Civil Procedure, or by Rule 106 of the Texas Rules of Civil Procedure, including by personal delivery on the defendants or by leaving a copy of the Summons and Complaint with a person over 16 years of age at the defendants' residences.

4

It is so ORDERED.

SIGNED this 28th day of January, 2010.

                                                             XAVIER RODRIGUEZ
                                                             UNITED STATES DISTRICT JUDGE